IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 22-cr-00269-CNS-1

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JEFFREY PATRICK FRYE,

 Defendant.

## ORDER

Before the Court is Defendant's Motion to Modify Conditions of Supervised Release and/or Terminate Supervised Release (ECF No. 16). The Court DENIES the motion for the following reasons.

### I. BACKGROUND

On May 7, 2010, Defendant pleaded guilty to seven counts of bank robbery, in violation of 18 U.S.C § 2113(a), and was sentenced in the District of South Carolina to a term of imprisonment of 240 months on each count of bank robbery, which ran concurrently, a three-year term of supervised release, and was ordered to pay a $700 assessment fee and $29,720 in restitution (ECF No. 12). In November 2020, the Court granted Defendant's pro se motion for compassionate release after serving 141 months out of the 240-month sentence (ECF No. 7). On October 17, 2022, this Court denied Defendant's Motion to Terminate Supervised Release and/or in the Alternative Permission to Travel Abroad after finding that early termination was not in Defendant's best

1

interest and the best interest of the community (ECF Nos. 3, 9). The Court similarly denied Defendant's Motion for Reconsideration on November 29, 2022 (ECF Nos. 10, 13).

Defendant now moves for termination of supervised release or, in the alternative, a modification of the amount of his monthly restitution obligation (ECF No. 16). Both the Government and the United States Probation Office (USPO) oppose Defendant's motion, because (1) he is not in substantial compliance with all conditions of supervision (namely, he has not made the required restitution payments); and (2) as a career offender under U.S.S.G. § 4B1.1, he does not meet the criteria for early termination (ECF Nos. 18, 19).

## II.  LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may terminate the term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if the court is satisfied that "such action is warranted by the conduct of the defendant released and the interest of justice." The Court must consider certain enumerated factors set forth in 18 U.S.C. § 3553(a), but the decision to grant or deny the motion to terminate the term of supervised release is within the sound discretion of the Court. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). Under § 3583(e)(1), the Court must consider the following § 3553(a) factors:

> (1) the nature and circumstances of the offense and the defendant's personal history and characteristics;
> (2) adequate deterrence;
> (3) protection of the public;
> (4) the need for effective education, training, care or treatment;
> (5) the sentencing guideline factors and range in effect at the time of sentencing;
> (6) pertinent Sentencing Commission policy statements;
> (7) the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and
> (8) the need to provide victim restitution.

*See United States v. Halcrombe*, No. 12-40030-JAR, 2022 WL 1421560, at *2 (D. Kan. May 5, 2022) (citing § 3553(a)).

2

There is a presumption in favor of recommending early termination when a defendant requests early termination after serving 18 months or more of supervised release and meets the following criteria:

> (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;
> (2) The person presents no identified risk of harm to the public or victim;
> (3) The person is free from any court-reported violations over a 12-month period;
> (4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;
> (5) The person is in substantial compliance with all conditions of supervision; and
> (6) The person engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*United States v. Shaw*, No. 10-CR-00488-CMA, 2020 WL 1062896, at *3 (D. Colo. Mar. 5, 2020) (quoting *Guide to Judiciary Policy*, Vol. 8 (Probation and Pretrial Services, Part E (Post-Conviction Supervision), § 360.20(b)–(c) (July 2, 2018)).

### III. ANALYSIS

After weighing all the relevant factors and reviewing Defendant's record, the Court agrees with the Government and USPO. As before, the Court commends Defendant for his significant progress both during his period of incarceration and during his time on supervised release. However, unchanged from Defendant's prior motion are the facts that Defendant has an extensive criminal history (including bank robbery), his criminal history category is IV, and he is a career offender under U.S.S.G. § 4B1.1 (ECF No. 18 at 2; ECF No. 19 at 2).

In addition, USPO and the Government point out that Defendant is approximately $6,584 in arrears on his monthly restitution obligation since his release from custody on November 30, 2020 (ECF No. 18 at 2; ECF No. 19 at 1). While cognizant that Defendant only performs occasional construction jobs for a general contractor, and that he suffers medical ailments for which he receives payments from the Social Security Administration (ECF No. 16 at 2–3, 4–5),

the Court notes that USPO's recent review of Defendant's financial records revealed significant deposits of unknown origin to Defendant's various accounts totaling approximately $26,897.01 (ECF No. 18 at 1). Furthermore, although Defendant was ordered to pay $300 monthly restitution to begin 90 days after release, he apparently was instructed by his former probation officer to pay only $50 per month (ECF No. 16 at 5). Then, on April 14, 2023, Defendant acknowledged to his current probation officer that he "could have paid more than $50 for many of those months, but I was only required to pay $50, so if the bar is set low, why would I go higher?" (ECF No. 19 at 1). Based on these representations, it appears that Defendant has the financial ability to pay his monthly restitution but, thus far, has chosen to do so only partially and sporadically. The resulting arrearage on his restitution obligation does not support early termination or any reduction in his current $300 restitution payment.

## IV. CONCLUSION

Defendant's Motion to Modify Conditions of Supervised Release and/or Terminate Supervised Release is DENIED (ECF No. 16).

DATED this 8th day of May 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge